CARLTON, J.,
Dissenting.
¶21. I respectfully dissent in light of the language set forth in the Code of Judicial Conduct Canon 3E(1). In reviewing the particular facts of this case, utilizing the objective test set forth by Canon 3E(l)(a), I find that a reasonable person, knowing all of the circumstanc.es, might question the trial judge’s impartiality based on the possibility that the judge’s prior dealings with Thomas Slade caused him to have a bias or prejudice against Slade.
¶22. Judge Robert Helfrieh had both prosecuted and defended Slade in the past on unrelated charges. Additionally, Slade asserted that on one occasion in their past dealings, Judge Helfrieh told Slade that he would like to see Slade “thrown away.” Judge Helfrieh denied making the statement and speculated that he told Slade that if he were ever accused of a crime again, Slade should “be a man about it and stand up and take the max.” Slade disagreed with Judge Helfrich’s recollection of their encounter.
¶ 23. I quibble not with either interpretation of the encounter between Judge Helfrieh and Slade. I submit that recusal was appropriate under either scenario. The test in Canon 3E is not a subjective test — focused on whether the judge personally believes that his prior dealings with a party would raise a question of his impartiality. Rather, the test is objective — focused on whether a reasonable person, knowing all the circumstances, would question whether the judge had a personal bias or prejudice concerning a party.
¶ 24. The majority cites Beckum v. State, 917 So.2d 808, 816(¶ 31) (Miss.Ct.App.2005) as support for the proposition that Judge Helfrich’s prior relationship with Slade, as a prosecutor and as a defense attorney, “without more, does not overcome the presumption of impartiality” or require recusal. The majority fails to consider, however, that Judge Helfrieh himself stated that he probably told Slade that the next time he stood accused of a crime, he should “be a man ... and take the max.” Judge Helfrich’s statement indicates objectively that he had an opinion regarding Slade’s guilt and appropriate punishment prior to Slade arriving in court.
¶ 25. In Beckum, the trial judge previously served as counsel for the defendant on a prior unrelated charge. Id. Prior to becoming a judge, the judge also worked in the district attorney’s office that prosecuted the defendant on unrelated charges. Id. Further, the judge had recused himself from two other eases dealing with Beckum because the cases originated during the judge’s employment with the district attorney’s office. Id. However, the Beckum case did not deal with any extrajudicial statements by the trial judge in his previous professional capacities that reflected *32 an opinion on future sentence or disposition Beckum ought to receive if he were to be prosecuted for another crime. Therefore, I find the Beckum case factually distinct from the case before the Court.
¶ 26. The majority explains that the trial judge found that because Slade was charged as a habitual offender, the trial court possessed no discretion as to sentencing. For that reason, the majority states, Judge Helfrich’s impartiality as to sentencing could not be reasonably questioned. However, Slade enjoyed the presumption of innocence until convicted by a jury, and he was entitled to a fair trial as to his guilt or innocence. U.S. Const, amend. XIV, § 1; see also Schmidt v. Bermudez, 5 So.3d 1064, 1074(¶ 19) (Miss. 2009) (holding that a reasonable person knowing all the circumstances could harbor doubts as to the chancellor’s impartiality when the chancellor’s combative and antagonistic conduct showed extreme bias). The imposition of a sentence was not Judge Helfrich’s sole duty or sole decision in this case. Rather, this case involved various rulings during the course of the trial, including a ruling on the defendant’s motion for a change of venue. Under an objective test, a reasonable person knowing all the circumstances, including the disputed statement as to future punishment and knowledge gained from previous representation, could question Judge Helf-rich’s impartiality in making those determinations.
¶ 27. In the recent United States Supreme Court case of Caperton v. A.T. Massey Coal, — U.S. -, -, 129 S.Ct. 2252, 2254, 173 L.Ed.2d 1208 (2009), the United States Supreme Court explained that instances existed where due process required recusal, in addition to situations where the judge possessed a direct, personal, substantial, or pecuniary interest in the case. The Caperton Court identified instances that, as an objective matter, required recusal where “the probability of actual bias on the part of the judge or decisionmaker was too high to be constitutionally tolerable[.]” Id. (quoting Withrow v. Larkin, 421 U.S. 35, 47, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975)). The Caperton Court relied on its holding in In re Murchison, 349 U.S. 133, 133, 75 S.Ct. 623, 99 L.Ed. 942 (1955), where a judge had determined in an earlier proceeding whether criminal charges should be brought for perjury and contempt of court and then proceeded to try to convict the petitioners. Id. The Caperton Court explained its holding in Murchison, stating that the judge’s prior relationship with the defendants, as the one who charged them with the crimes, as well as the information acquired from the prior proceeding was critical. Id. Further, the Caperton Court then explained that its previous decision in Mayberry v. Pennsylvania, 400 U.S. 455, 466, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971), rested on the relationship between the judge and the defendant. Id. The Supreme Court explained that the objective inquiry is not whether the judge was actually biased, but whether the average judge in his position is likely to be neutral or whether an unconstitutional “potential for bias” exists. Id. (citing Mayberry, 400 U.S. at 466, 91 S.Ct. 499).
¶ 28. Based upon the foregoing reasons and in light of the prior relationship between Slade and Judge Helfrich, including the information gathered as a result of the prior relationship and the communications between the judge and Slade, I respectfully dissent. I would reverse Slade’s conviction and sentence and remand this case for a new trial.
KING, C.J., LEE, P.J., AND ISHEE, J., JOIN THIS OPINION.